STARKWEATHER & SHEPLEY *vs.* D. RUSSELL BROWN *et al.*

PROVIDENCE—MAY 6, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Manufacturing Corporations.   Stockholders' Liability.*

Gen. Laws cap. 180, § 17, of manufacturing corporations, does not create any exemption of corporations already subject to chapter 180, but provides a method whereby certain corporations which had not availed themselves of a similar provision in chapter 155 of the Public Statutes of 1882 might still acquire the privileges granted, although that chapter had been repealed and chapter 180 substituted.

The section does not exclude from the operation of chapter 180 a corporation which by the terms of its charter is made subject to the provisions of chapter 155 of the Public Statutes and any amendments thereto.

PETITION for re-argument of bill in equity, decided in 25 R. I. 142.   Heard, and petition denied.

(1)   DOUGLAS, J.   Upon the filing of the opinion of the court, April 24th, the defendant Wilson D. Wing prays for a re-argument on the ground that the Oakland Beach Association is not subject to the provisions of section 11 and 12 of chapter 180 of the General Laws of 1896, because section 17 of that

chapter exempts from its provisions all manufacturing corpo-
rations theretofore established unless they adopt those provis-
ions in a certain manner.    The assumption is not sustained by
the text.    Section 17 does not create any exemption of corpo-
rations already subject to chapter 180, but provides a method
whereby certain corporations which had not availed themselves
of a similar provision in chapter 155 of the Public Statutes of
1882 might still acquire the privileges granted, although that
chapter had been repealed and chapter 180 substituted for it.
It cannot be held to exclude from the operation of chapter 180
a corporation which by the terms of its charter is made sub-
ject to the provisions of chapter 155 and any amendments
thereto.

Petition for re-argument denied.

*Walter B. Vincent,* for complainants.

*Comstock & Gardner, and Dexter B. Potter,* for respond-
ents.